**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **LOUIS INVESTMENTS, LLC,** | § | **CASE NO. 26-33110-sgj** |
| | § | |
| **Debtor.** | § | **CHAPTER 11** |
| | | |
| **LOUIS INVESTMENTS, LLC** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **ADVERSARY PROCEEDING** |
| | § | |
| **YSA Investments 1, LLC,** | § | **CASE NO. _______________** |
| | § | |
| **Defendant.** | | |

**COMPLAINT AGAINST DEFENDANT**
**<u>YSA INVESTMENTS 1, LLC</u>**

TO THE HONORABLE UNITED STATES BANKRUPTCY COURT:

COMES NOW, Plaintiff Debtor Louis Investments, LLC ("Plaintiff" or Louis Investments"), by and through its undersigned counsel, and files this Complaint against Defendant YSA Investments 1, LLC ("Defendant" or "YSA"), and allege as follows:

## PRELIMINARY STATEMENT

1. This adversary proceeding concerns an unlawful self-help takeover of the Riverpark at Kensington Apartments, located at 7803 South Wheeling Ave., Tulsa, Oklahoma 74136 (the "Riverpark Property"), as well as additional self-help takeovers throughout the day. The Riverpark Property takeover is the first of several of these attempts to take over management and operations of properties using deeds in lieu for foreclosure that were fraudulently obtained. A list of all of the properties affected by this Complaint and for which Debtor seeks protection is attached as **Exhibit A** (collectively, the "Subject Properties").

2. The Riverpark Property is owned by Riverpark Best Living, LLC ("Riverpark Best Living"). Louis Investments is the upstream manager of Riverpark Best Living and the Riverpark Property's management structure.

3. The Riverpark Property, the title to the Riverpark Property, the management of the Riverpark Property, and the authority to control the Riverpark Property are all the subject of ongoing disputes between the Louis Investments and Vesta Realty, LLC ("Vesta Realty") enterprise and YSA.

4. YSA claims ownership rights in and to the Riverpark Property based on a disputed second mortgage, an alleged powers of attorney, an alleged deed-in-lieu and various title-transfer theories, and other purported enforcement acts against Riverpark and Louis Investments. Louis Investments disputes YSA's actions and is challenging them now in this Court.

5. Today, July 20, 2026, under YSA's direction, the Tulsa Police Department and a new management company appeared at the Riverpark Property and removed or excluded personnel employed by Vesta Realty the existing property manager for the Riverpark Property.

6. YSA, the Tulsa Police Department, and the new management company had no order from any court granting them relief from the automatic stay, no eviction order, no receivership order, no turnover order, no writ of possession, and no other court order authorizing YSA to displace Vesta Realty or seize operational control of the Riverpark Property.

7. Nevertheless, under YSA's direction, the Tulsa Police Department and the new management company threatened to arrest or ticket Vesta Realty personnel and attempted to trespass them from the Riverpark Property.

8. YSA's conduct was not ordinary title preservation or a private ownership dispute occurring outside the Bankruptcy Code. It was an effort to seize control over property, operations, management rights, books and records, rental operations, tenant

relationships, revenue functions, and enterprise value tied to directly and indirectly to Louis Investments' bankruptcy estate.

9. Even if YSA contends that fee title to the Riverpark Property is not property of Louis Investments' estate, Louis Investments' management rights, control rights, upstream governance rights, contract rights, claims, defenses, causes of action, and disputed property interests are property of the estate under 11 U.S.C. § 541.

10. The automatic stay protects those estate interests and bars "all entities" from taking acts to obtain possession of, exercise control over, or interfere with property of the estate without first obtaining relief from the bankruptcy court.

11. The Bankruptcy Court for the Northern District of Texas has applied this principle broadly. In *In re Three Strokes Ltd. Partnership*, 397 B.R. 804 (Bankr. N.D. Tex. 2008), the court held that an estate's lien interest in property it did not own was a property interest protected by § 362(a)(3), and that proceedings affecting that interest required stay relief. The court relied on the Fifth Circuit's decisions in *In re Westec Corporation*, 460 F.2d 1139 (5th Cir. 1972), and *In re Chesnut*, 422 F.3d 298 (5th Cir. 2005), which recognize that the automatic stay protects estate interests broadly and, in the face of uncertainty, applies to "arguable" property interests.

12. YSA knew that it could not use police-assisted self-help to evict, trespass, or replace the property manager of a property subject to disputed title and management-control issues intertwined with a pending Chapter 11 case.

13. YSA was required to come to this Court for stay relief and adjudication before attempting to seize control over the Riverpark Property's management and operations.

14. YSA did not do so.

15. Louis Investments brings this complaint for violation of the automatic stay, declaratory relief, injunctive relief, turnover, civil contempt, sanctions, damages,

attorneys' fees, costs, and all other relief necessary to restore the status quo and prevent further interference with estate property and estate interests.

## JURISDICTION AND VENUE

16. This Court has jurisdiction under 28 U.S.C. §§ 157 and 1334.

17. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (E), (G), and (O).

18. This Court has authority under 11 U.S.C. §§ 105(a), 362, and 542, and under its inherent and civil-contempt powers, to enforce the automatic stay, protect estate property, restore the status quo, compel turnover, award compensatory sanctions, award attorneys' fees and costs, and issue coercive and remedial relief.

19. Venue is proper under 28 U.S.C. §§ 1408 and 1409.

20. Plaintiff consents to entry of final orders and judgment by this Court on all core matters. To the extent any matter is non-core, Plaintiff requests proposed findings and conclusions unless all parties consent to final adjudication by this Court.

## PARTIES

21. Plaintiff Louis Investments is a Kansas limited liability company and debtor in possession in the case pending in this Court. Louis Investments is the upstream manager entity for Riverpark Best Living.

22. Riverpark Best Living owns the Riverpark Property located at 7803 South Wheeling Ave., Tulsa, Oklahoma 74136, commonly known as Riverpark at Kensington Apartments.

23. Vesta Realty is the property manager for the Riverpark Property and employs the personnel whom YSA, the Tulsa Police Department, and the new management company attempted to remove, trespass, arrest, or ticket today.

24. Defendant YSA is a Delaware limited liability company and hard-money lender based in Miami, Florida. YSA is owned and controlled by felon Efraim Diveroli ("Diveroli"), whose story as an arms dealer was portrayed by Jonah Hill in the 2016 movie War Dogs.

25. YSA has asserted claims against Riverpark Best Living and has asserted interests in properties owned by other title owning companies (the "Title Owners") and managed or controlled through the Louis Investments/Vesta upstream structure. YSA has also, on information and belief, attempted to act as attorney-in-fact, agent, transferor, transferee, beneficiary, and recipient in connection with purported deeds in lieu of foreclosure and other title-transfer instruments affecting the properties owned by the Title Owners.

## FACTUAL ALLEGATIONS

### A. Louis Investments/Vesta Enterprise, Property Structure, and Louis Investments' Estate Interests in the Riverpark Property Structure

26. Plaintiff Louis Investments is the direct or indirect manager of most of the Title Owners, including Riverpark Best Living, and manages a portfolio of multifamily real estate assets through a network of limited liability companies.

27. The Title Owners own the actual real estate that is the target of YSA.

28. Riverpark Best Living owns the Riverpark Property. Vesta Realty manages the Riverpark Property.

29. Louis Investments' role as the most upstream manager gives it rights, powers, duties, claims, defenses, and economic and operational interests connected to the Riverpark Property and Riverpark Best Living.

30. Those interests include, without limitation, direct or indirect management rights, governance rights, control rights, contract rights, rights to direct or preserve management, records and information rights, causes of action, defenses, claims to protect the property structure, claims to prevent unauthorized transfers or control changes, and reorganization value.

31. These legal and equitable interests are property of Louis Investments' bankruptcy estate under 11 U.S.C. § 541.

32. The scope of § 541 is broad and includes legal and equitable interests, tangible and intangible rights, causes of action, claims, contract rights, and other forms of property.

33. YSA's attempt to displace Vesta Realty and install a new management company directly interferes with those estate interests.

34. YSA's actions threaten to alter the status quo, impair the Debtor's restructuring, disrupt property operations, affect tenant relationships, interfere with rents and revenue systems, impair property records, and shift operational control away from the Debtor's management structure.

**B. YSA's Disputed Claims Against the Riverpark Property**

35. YSA asserts disputed rights against the Riverpark Property and other Vesta/Louis properties.

36. Those asserted rights include purported second mortgage rights, purported rights under powers of attorney, purported deed-in-lieu or title-transfer rights, purported foreclosure rights, and purported management-control rights.

37. Louis Investments disputes YSA's asserted rights and contends, among other things, that YSA lacks valid authority to control, convey, foreclose upon, possess, or manage the Riverpark Property.

38. YSA's asserted rights arise from transactions and instruments that are disputed, subject to avoidance, subject to disallowance, subject to declaratory relief, and subject to this Court's jurisdiction.

39. YSA has not obtained relief from the automatic stay to exercise control over Louis Investments' estate interests in the Riverpark Property, Riverpark Best Living, management rights, property operations, or related rights.

40. YSA has not obtained an order from this Court authorizing it to remove Vesta Realty, install a new management company, direct police action, trespass Vesta

Realty personnel, arrest or ticket Vesta Realty personnel, or otherwise alter the management and operational status quo at the Riverpark Property.

41. YSA has not obtained an order from any court authorizing police-assisted eviction or removal of Vesta Realty as property manager.

42. YSA has not obtained a writ of possession, eviction order, receivership order, turnover order, injunction, or other judicial process authorizing the conduct alleged herein.

**C. YSA's Police-Assisted Attempted Takeover on July 20, 2026**

43. On July 20, 2026, under YSA's direction, the Tulsa Police Department and a new management company appeared at the Riverpark Property.

44. The new management company was not the existing property manager for the Riverpark Property.

45. Vesta Realty was and is the existing property manager for the Riverpark Property.

46. Vesta Realty personnel were present at the Riverpark Property in the ordinary course of their duties managing the property.

47. Under YSA's direction, the Tulsa Police Department and the new management company attempted to trespass Vesta Realty personnel from the Riverpark Property.

48. Under YSA's direction, Vesta Realty personnel were threatened with arrest or ticketing if they remained at or continued performing management functions at the Riverpark Property.

49. The threatened arrests, threatened tickets, trespass threats, and attempted exclusion of Vesta Realty personnel were designed to remove the existing property manager and allow YSA or YSA's selected management company to take operational control.

50. YSA's use of police officers and a new management company was coercive and intended to change possession, control, and management of the Riverpark Property without court process.

51. YSA's conduct was an attempt to evict the property manager without an eviction order.

52. YSA's conduct was an attempt to obtain possession of, exercise control over, and interfere with property and rights protected by the automatic stay.

53. YSA's conduct was also an act to enforce disputed prepetition claims, liens, title-transfer theories, deed-in-lieu theories, mortgage theories, or control rights against property and rights tied to Louis Investments' bankruptcy estate.

54. YSA's conduct was an attempted end-run around the Bankruptcy Court.

55. YSA could have sought stay relief, declaratory relief, possession relief, or other relief from this Court.

56. Instead, YSA used police-assisted self-help.

57. YSA's conduct caused immediate harm to Louis Investments, including disruption of management, threat of loss of control over property operations, interference with estate rights, diversion of management and counsel resources, attorneys' fees, costs, and risk of harm to tenants, employees, records, rents, and operations.

58. YSA's conduct threatens continuing and irreparable harm unless enjoined.

59. Without immediate relief, YSA may continue or repeat the same conduct at the Riverpark Property or other properties in the Louis/Vesta enterprise.

60. Plaintiff is informed and believes that YSA intends to use self help to try and take possession of all of the properties that are managed by VR and to whom Louis Investments is the ultimate manager. In addition to the Riverpark Property, YSA forcibly took possession on July 20, 2026 of three properties that are already in bankruptcy and individually protected by the stay, by going onto the properties and changing the locks on the on-location property management offices. These three properties are:

a. 727 Lofts Best Living, LLC, USBC ND TX Case No. 26-32779-sgj11

b. Barcelona Best Living, LLC, USBC ND TX Case No. 26-33093-sgj11

c. A-V Village Creek Owner LLC, USBC ND TX Case No. 26-32922-mvl11.

61. All of the properties listed on Exhibit A require protection.

**D. The Automatic Stay Applies to Arguable Estate Interests and Control Rights**

62. Section 362(a)(3) stays "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate."

63. Section 362(a) applies to "all entities," not merely creditors.

64. The stay protects estate property broadly, including intangible rights, contract rights, control rights, causes of action, and disputed or arguable interests.

65. In *In re Three Strokes Ltd. Partnership*, 397 B.R. 804 (Bankr. N.D. Tex. 2008), this Court held that a debtor's second lien interest in property it did not own was nevertheless property of the estate protected by § 362(a)(3).

66. This Court explained that although the underlying real property was not itself property of the estate, the debtor's lien interest in that property was a property interest worthy of recognition and protection.

67. This court held that foreclosure proceedings that could extinguish the debtor's lien interest constituted an exercise of control over property of the estate under § 362(a)(3).

68. This court further explained that § 362(a)(3) is not limited to creditor collection activity, because it applies to "all entities" and is designed to prevent dismemberment of the estate and provide the debtor-in-possession a breathing spell.

69. In reaching that conclusion, this Court relied on *In re Westec Corporation*, 460 F.2d 1139 (5th Cir. 1972), where the Fifth Circuit held that a debtor's mortgage interests were property interests protected by the bankruptcy court even though the debtor did not own fee title to the underlying real property.

70. This Court also relied on *In re Chesnut*, 422 F.3d 298 (5th Cir. 2005), where the Fifth Circuit held that a creditor violated the automatic stay by foreclosing on real property subject to an unresolved, arguable claim that it was property of the estate.

71. The Fifth Circuit in *Chesnut* recognized that the automatic stay must be interpreted broadly and applied to arguable property interests where uncertainty or ambiguity exists.

72. The same principle applies here.

73. Even if YSA contends that fee title to the Riverpark Property is not property of Louis Investments' estate, Louis Investments' upstream management rights, governance rights, contract rights, control rights, claims, defenses, and disputed property-related rights are estate property.

74. YSA's attempt to remove Vesta Realty and install a new management company could impair, alter, extinguish, or exercise control over those estate interests.

75. YSA was therefore required to seek stay relief before taking action.

76. YSA did not seek or obtain stay relief.

77. YSA violated the automatic stay.

## **COUNT I — VIOLATION OF THE AUTOMATIC STAY UNDER 11 U.S.C. § 362(a)**

78. Louis Investments incorporates all prior allegations as if fully set forth hereto.

79. Louis Investments is a debtor-in-possession in a pending Chapter 11 case before this Court.

80. The automatic stay arose immediately upon the filing of Louis Investments' bankruptcy petition.

81. The automatic stay remains in effect.

82. Louis Investments' estate includes all legal and equitable interests of Louis Investments in property, wherever located and by whomever held.

83. Louis Investments' estate property includes, without limitation, its upstream management rights, governance rights, contract rights, claims, causes of action, defenses, control rights, records rights, reorganization value, and other legal or equitable interests connected to Riverpark Best Living and the Riverpark Property, as well as to the Subject Properties listed on **Exhibit A** hereto.

84. YSA knew of Louis Investments' bankruptcy case and knew or should have known that actions affecting the Subject Properties' management and control implicated estate interests and required stay relief.

85. YSA violated 11 U.S.C. § 362(a)(3) by directing, causing, assisting, or participating in acts to obtain possession of, exercise control over, or interfere with estate property and estate interests.

86. YSA violated 11 U.S.C. § 362(a)(4) by directing, causing, assisting, or participating in acts to create, perfect, or enforce asserted liens or interests against property and rights protected by the estate.

87. YSA violated 11 U.S.C. § 362(a)(5) by directing, causing, assisting, or participating in acts to create, perfect, or enforce asserted liens or interests against property or rights securing claims that arose before the Petition Date.

88. YSA violated 11 U.S.C. § 362(a)(6) by directing, causing, assisting, or participating in acts to collect, assess, or recover claims against Louis Investments or its estate interests.

89. YSA's violations include, without limitation, directing or causing the Tulsa Police Department and a new management company to appear at the Riverpark Property, attempt to trespass Vesta Realty personnel, threaten arrest or ticketing, attempt to remove or displace the existing property manager, and attempt to seize operational control without court authority. Plaintiff is informed and believes that self help violations also occurred at some or all of the Subject Properties.

90. YSA's conduct was willful because YSA knew of the bankruptcy case and intentionally committed the acts that violated the automatic stay.

91. YSA's conduct injured Louis Investments and its estate.

92. Louis Investments is entitled to a declaration that YSA violated the automatic stay.

93. Louis Investments is entitled to compensatory damages, attorneys' fees, costs, sanctions, and all other relief necessary to remedy YSA's stay violation.

94. All acts taken by YSA in violation of the automatic stay are void or voidable and should be vacated, rescinded, cancelled, unwound, and given no legal effect.

**COUNT II — CIVIL CONTEMPT AND SANCTIONS UNDER 11 U.S.C. §§ 105(a) AND 362**

95. Louis Investments incorporates all prior allegations as though fully set forth herein.

96. The automatic stay is a statutory injunction.

97. YSA had notice of Louis Investments' bankruptcy case and the bankruptcy cases of 727 Lofts Best Living, LLC, USBC ND TX Case No. 26-32779-sgj11; Barcelona Best Living, LLC, USBC ND TX Case No. 26-33093-sgj11; A-V Village Creek Owner LLC, USBC ND TX Case No. 26-32922-mvl11.

98. YSA had no objectively reasonable basis to conclude that it could use police-assisted self-help to remove or trespass Vesta Realty personnel, install a new management company, or seize operational control of the Riverpark Property without first obtaining relief from the automatic stay. YSA also used self help on other of the Subject Properties, at least three of which are in, thus violating the bankruptcy stays of those other properties as well.

99. YSA violated a clear and unambiguous statutory stay.

100. YSA's conduct was coercive, intentional, and designed to improve YSA's leverage and control over disputed property, management rights, and estate interests.

101. Civil contempt sanctions are necessary to compensate Louis Investments and its estate, coerce YSA's compliance, restore the status quo, and deter further violations.

102. Louis Investments seeks compensatory sanctions, including attorneys' fees, costs, expenses, operational damages, employee-related damages, business-interruption damages, and other damages caused by YSA's conduct.

103. Louis Investments also seeks coercive sanctions if YSA fails to cease all stay-violating conduct, withdraw any instructions to the Tulsa Police Department or the new management company, restore the status quo, and comply with this Court's orders.

**COUNT III — DECLARATORY JUDGMENT**

104. Louis Investments incorporates all prior allegations as though fully set forth hereto.

105. An actual controversy exists between Louis Investments and YSA concerning whether YSA violated the automatic stay.

106. An actual controversy exists concerning whether YSA may remove, trespass, exclude, arrest, ticket, or threaten Vesta Realty personnel, or direct others to do so, without stay relief or a court order on any of the Subject Properties.

107. An actual controversy exists concerning whether YSA may install or attempt to install a new management company at the Subject Properties without stay relief or a court order.

108. An actual controversy exists concerning whether YSA may exercise operational control over the Subject Properties, rents, records, personnel, tenants, management rights, accounts, communications, or property operations without stay relief or a court order.

109. An actual controversy exists concerning whether Louis Investments' upstream management rights, governance rights, control rights, claims, defenses, causes of action, and other rights connected to the Subject Properties are protected estate interests.

110. Louis Investments seeks declarations that:

a. YSA violated the automatic stay;

b. YSA's police-assisted attempt to remove, trespass, ticket, arrest, or threaten Vesta Realty personnel was void or voidable;

c. YSA's attempt to install or use a new management company at the Subject Properties without stay relief or a court order was void or voidable;

d. YSA may not use police officers, private security, property managers, title claims, deed-in-lieu theories, mortgage theories, or other self-help measures to obtain possession of, exercise control over, or interfere with estate property or estate interests;

e. Louis Investments' upstream management rights, governance rights, claims, defenses, causes of action, control rights, and other rights connected to the Subject Properties are property of the estate protected by the automatic stay;

f. YSA must seek relief from this Court before taking any action to displace Vesta Realty, install a new management company, alter property operations, control rents or records, exclude personnel, or otherwise affect estate rights connected to the Subject Properties; and

g. Any actions taken in violation of the automatic stay must be vacated, rescinded, cancelled, withdrawn, and given no legal effect.

**COUNT IV — TEMPORARY, PRELIMINARY, AND PERMANENT INJUNCTIVE RELIEF UNDER 11 U.S.C. §§ 105(a) AND 362**

111. Louis Investments incorporates all prior allegations as though fully set forth herein.

112. YSA has already attempted to alter possession, control, and management of the Riverpark Property without stay relief or a court order, and may have taken control of other of the Subject Properties.

113. YSA's conduct threatens immediate and irreparable harm to Louis Investments and its estate.

114. The threatened harm includes loss of management control, disruption of property operations, confusion among tenants and employees, loss or impairment of records, interference with rents and accounts, harm to reorganization efforts, increased administrative expenses, and loss of estate value.

115. Louis Investments has no adequate remedy at law for YSA's ongoing or threatened interference with management and control of the Subject Properties.

116. The balance of equities favors Louis Investments because YSA may seek relief from this Court if it believes it has a right to possession or management control, while Louis Investments and its estate face immediate harm from unauthorized self-help.

117. An injunction serves the public interest by enforcing the automatic stay, preserving the status quo, preventing breach of the peace, protecting tenants and employees, and ensuring that property disputes affecting a bankruptcy estate are resolved by court order rather than police-assisted self-help.

118. Louis Investments seeks temporary, preliminary, and permanent injunctive relief prohibiting YSA and its officers, agents, employees, representatives, attorneys, property managers, management companies, security personnel, contractors, affiliates, and all persons acting in concert with them from:

a. trespassing, excluding, removing, arresting, ticketing, threatening, or attempting to remove Vesta Realty personnel from the Subject Properties;

b. directing, requesting, encouraging, or causing the Tulsa Police Department or any law-enforcement agency to remove, trespass, arrest, ticket, threaten, or exclude Vesta Realty personnel from the Subject Properties;

c. installing, directing, using, or holding out any new property management company as the authorized manager of the Subject Properties;

d. interfering with Vesta Realty's management of the Subject Properties;

e. taking possession of, exercising control over, or interfering with offices, keys, locks, records, computers, software systems, leasing files, tenant files, rent

rolls, bank accounts, rent streams, communications, vendor relationships, employees, contractors, or other property operations;

f. contacting tenants, vendors, lenders, title companies, insurers, employees, contractors, or governmental authorities to assert that YSA or YSA's management company controls the Subject Properties;

g. changing locks, access codes, management software credentials, banking credentials, rent-collection systems, utilities, vendor instructions, or tenant-payment instructions;

h. relying on any disputed mortgage, deed in lieu, title claim, POA, joinder, foreclosure theory, or other self-help theory to alter the management or control of the Subject Properties; and

i. taking any action to obtain possession of, exercise control over, or interfere with estate property or estate interests connected to the Subject Properties without further order of this Court.

119. Louis Investments also seeks mandatory injunctive relief requiring YSA to:

a. immediately withdraw all instructions to the Tulsa Police Department, any law-enforcement agency, and any new management company concerning removal, trespass, arrest, ticketing, exclusion, or displacement of Vesta Realty personnel;

b. notify the Tulsa Police Department and the new management company in writing that YSA has no authority to remove Vesta Realty personnel or alter management absent further court order;

c. restore the status quo as it existed before the petition date;

d. return or restore any keys, access credentials, records, notices, rent instructions, management instructions, tenant communications, or operational control obtained or altered because of YSA's conduct; and

e. provide copies of all communications with the Tulsa Police Department, the new management company, tenants, vendors, employees, contractors, title

companies, lenders, insurers, and any other person concerning today's attempted takeover.

**COUNT V—TURNOVER AND STATUS-QUO RESTORATION UNDER 11 U.S.C. § 542**

120. Louis Investments incorporates all prior allegations as through fully set forth herein.

121. To the extent YSA or any person acting with YSA obtained possession, custody, or control of estate property or estate-related property, such property must be turned over under 11 U.S.C. § 542.

122. Estate property and estate-related property includes, without limitation, management records, keys, access credentials, tenant communications, leasing records, rent rolls, bank information, rent-payment instructions, management software access, operational data, vendor communications, employee communications, title documents, law-enforcement communications, and other records or control rights connected to the Subject Properties and Louis Investments' estate interests.

123. Louis Investments seeks an order requiring YSA to turn over all such property and restore the status quo.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests judgment against YSA as follows:

a. declaring that YSA violated the automatic stay under 11 U.S.C. § 362(a);

b. declaring that YSA's July 20, 2026 police-assisted attempt to remove, trespass, ticket, arrest, threaten, exclude, or displace Vesta Realty personnel was void or voidable;

c. declaring that YSA's attempt to install, use, or act through a new management company at the Subject Properties without stay relief or a court order was void or voidable;

d. declaring that Louis Investments' upstream management rights, governance rights, control rights, contract rights, claims, defenses, causes of action, and other rights connected to the Subject Properties are property of the estate protected by the automatic stay;

e. declaring that YSA may not use police officers, private security, property managers, title claims, deed-in-lieu theories, mortgage theories, POA theories, joinder theories, or other self-help measures to obtain possession of, exercise control over, or interfere with estate property or estate interests;

f. declaring that YSA must seek relief from this Court before taking any action to displace Vesta Realty, install a new management company, alter property operations, control rents or records, exclude personnel, or otherwise affect estate rights connected to the Subject Properties;

g. temporarily, preliminarily, and permanently enjoining YSA and all persons acting in concert with it from removing, trespassing, arresting, ticketing, threatening, excluding, or attempting to remove Vesta Realty personnel from the Subject Properties;

h. temporarily, preliminarily, and permanently enjoining YSA and all persons acting in concert with it from directing, requesting, encouraging, or causing the Tulsa Police Department or any law-enforcement agency to remove, trespass, arrest, ticket, threaten, or exclude Vesta Realty personnel from the Subject Properties;

i. temporarily, preliminarily, and permanently enjoining YSA and all persons acting in concert with it from installing, directing, using, or holding out any new property management company as the authorized manager of the Subject Properties;

j. temporarily, preliminarily, and permanently enjoining YSA and all persons acting in concert with it from interfering with Vesta Realty's management of the Subject Properties;

k. temporarily, preliminarily, and permanently enjoining YSA and all persons acting in concert with it from taking possession of, exercising control over, or interfering with offices, keys, locks, records, computers, software systems, leasing files, tenant files, rent rolls, bank accounts, rent streams, communications, vendor relationships, employees, contractors, or other property operations;

l. temporarily, preliminarily, and permanently enjoining YSA and all persons acting in concert with it from contacting tenants, vendors, lenders, title companies, insurers, employees, contractors, or governmental authorities to assert that YSA or YSA's management company controls the Subject Properties;

m. temporarily, preliminarily, and permanently enjoining YSA and all persons acting in concert with it from changing locks, access codes, management software credentials, banking credentials, rent-collection systems, utilities, vendor instructions, tenant-payment instructions, or any similar operational control mechanism;

n. temporarily, preliminarily, and permanently enjoining YSA and all persons acting in concert with it from relying on any disputed mortgage, deed in lieu, title claim, POA, joinder, foreclosure theory, or other self-help theory to alter management or control of the Subject Properties absent further order of this Court;

o. ordering YSA to immediately withdraw all instructions to the Tulsa Police Department, any other law-enforcement agency, and any new management

company concerning removal, trespass, arrest, ticketing, exclusion, or displacement of Vesta Realty personnel;

p. ordering YSA to notify the Tulsa Police Department and the new management company in writing that YSA has no authority to remove Vesta Realty personnel or alter management absent further court order;

q. ordering YSA to restore the status quo as it existed before the petition date;

r. ordering YSA to return or restore any keys, access credentials, records, notices, rent instructions, management instructions, tenant communications, or operational control obtained or altered because of YSA's conduct;

s. ordering turnover under 11 U.S.C. § 542 of all estate property and estate-related property in YSA's possession, custody, or control;

t. ordering YSA to provide copies of all communications with the Tulsa Police Department, the new management company, tenants, vendors, employees, contractors, title companies, lenders, insurers, and any other person concerning the July 20, 2026 attempted takeover;

u. awarding compensatory damages, including operational damages, employee-related damages, business-interruption damages, attorneys' fees, costs, and expenses;

v. awarding civil-contempt sanctions under 11 U.S.C. §§ 105(a) and 362;

w. awarding coercive sanctions if YSA fails to comply with this Court's orders;

x. disallowing, reducing, offsetting, subordinating, or otherwise adjusting any YSA claim to account for damages, sanctions, attorneys' fees, costs, and liabilities arising from YSA's stay violation and self-help conduct;

y. disallowing any YSA claim for fees, costs, expenses, indemnity, default charges, management-company charges, law-enforcement-related

expenses, title expenses, enforcement expenses, or other amounts arising from the July 20, 2026 conduct;

z. awarding pre-judgment and post-judgment interest to the extent permitted;

aa. retaining jurisdiction to enforce the Court's orders and judgment; and

bb. granting such other and further relief as the Court deems just and proper.

Dated: July 20, 2026

By: /s/ *Joyce W. Lindauer*

Joyce W. Lindauer
State Bar No. 21555700
Lindauer & Vaughn
117 S. Dallas St.
Ennis, TX 75119
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
joyce@joycelindauer.com

*Proposed Attorneys for Plaintiff*

-and-

Leib M. Lerner, CA Bar No. 227323
*Pro Hac Vice to be filed*
Douglas J. Harris, CA Bar No. 329946
*Pro Hac Vice to be filed*
LERNER HARRIS LAW
9350 Wilshire Blvd., Suite 203
Beverly Hills, CA 90212
Telephone: (310) 742-5590
leib.lerner@lernerharris.com
douglas.harris@lernerharris.com
*Proposed Special Counsel for Plaintiff*

EXHIBIT A

| | Property | Location | County | Address | Owner(s) | Tax ID Number(s) | Units | Website | Date Acquired |
|---|---|---|---|---|---|---|---|---|---|
| 1 | **Thrive Jenks** | Jenks, OK | Tulsa County | 204 S Riverfront Dr, Jenks, OK 74037 | Jenk's Best Living, LLC | 82-2976554 | 168 | www.thrive-jenks.com | 11/15/2017 |
| 2 | **Lakeside Place** | Tulsa, OK | Tulsa County | 2186 S 99th E Ave, Tulsa, OK, 74129 | Lakeside Best Living, LLC | 82-4692220 | 208 | www.lakesidebestliving.com | 4/30/2018 |
| 3 | **Shoreline** | Tulsa, OK | Tulsa County | 9601 East 21st Place, Tulsa, OK 74129 | Shoreline's Best Living, LLC | 16-1620714 | 464 | www.shorelinesbestliving.com | 6/6/2018 |
| 4 | **Lexington Commons** | Bartlesville, OK | Washington County | 5530 Colony Way, Bartlesville, OK 74006 | Bartlesville's Best Living, LLC | 83-1472249 | 206 | www.lexingtoncommonsapts.com | 10/8/2018 |
| 5 | **Seminole Ridge** | Oklahoma City, OK | Oklahoma County | 125 W Interstate 240 Service Rd, Oklahoma City, OK 73139 | Vesta - Seminole Ridge, LLC | 87-1213500 | 224 | www.seminoleridgeapartments.com | 3/2/2020 |
| 6 | **Tuscany Village** | Oklahoma City, OK | Oklahoma County | 6900 London Way Oklahoma City, OK 73132 | Tuscany Village Best Living, LLC | 85-2811301 | 318 | http://tuscanyapartmentsokc.com/ | 10/13/2020 |
| 7 | **The Canopy** | Little Rock, AR | Pulaski County | 9201 Kanis Rd, Little Rock, AR 72205 | Canopy Best Living, LLC, NAE Canopy Apartments LLC, and Northboro QN, LLC | 85-3849612 | 240 | http://www.thecanopyapartmentslittlerock.com/ | 12/14/2020 |
| 8 | **Barcelona** | Tulsa, OK | Tulsa County | 5160 S Yale Ave Tulsa, Oklahoma, 74135 | Barcelona Best Living, LLC and GAM Chestnut Properties LLC | 86-3280973 | 232 | www.barcelonatulsa.com | 5/28/2021 |
| 9 | **23 East** | Tulsa, OK | Tulsa County | 11321 E 23rd St Unit 1 Tulsa, OK 74129 | Auerbach-Vesta 23 East LLC | 87-1591974 | 236 | http://www.23easttulsa.com/ | 8/6/2021 |
| 10 | **Villas at Midtown** | Tulsa, OK | Tulsa County | 2001 E Skelly Dr Tulsa, OK 74105 | Villas at Midtown Best Living, LLC | 87-2354319 | 476 | https://www.thevillasatmidtown.com/ | 9/27/2021 |
| 11 | **Putnam Green** | Oklahoma City, OK | Oklahoma County | 7525 Knight Lake Dr Oklahoma City, OK 73132 | Auerbach-Vesta, LLC | 87-1356564 | 250 | http://www.putnamgreenokc.com/ | 9/30/2021 |
| 13 | **Riverpark at Kensington** | Tulsa, OK | Tulsa County | 7803 S Wheeling Ave Tulsa, OK 74136 | Riverpark Best Living, LLC | 87-3854186 | 400 | http://www.riverparktulsa.com/ | 12/17/2021 |
| 14 | **Drexel Flats** | Oklahoma City, OK | Oklahoma County | 8800 Drexel Ave, Oklahoma City, OK 73159 | Drexel Flats Acquisition LLC and Drexel Flats Acquisition TIC LLC | 87-2977919 | 400 | https://www.drexelflats.com/ | 12/21/2021 |
| 15 | **The Ridge** | Midwest City, OK | Oklahoma County | 3834 N Oak Grove Dr. Midwest City, OK 73110 | Ridge Best Living, LLC | 87-3666156 | 278 | https://www.theridgeokc.com/ | 12/21/2021 |
| 16 | **Lofts at North Penn** | Edmond, OK | Oklahoma County | 15501 N Pennsylvania Ave Edmond, OK 73013 | Lofts at North Penn Best Living LLC | 87-3974188 | 192 | https://www.loftsatnorthpennokc.com/ | 12/28/2021 |
| 17 | **Village Creek at 67th** | Tulsa, OK | Tulsa County | 6630 S Zunis Ave Tulsa, OK 74136 | A-V Village Creek Owner, LLC | 87-4248838 | 226 | http://villagecreektulsa.com/ | 2/1/2022 |
| 19 | **727 Lofts** | Jenks, OK | Tulsa County | 727 E Main Pl Jenks, OK 74037 | 727 Lofts Best Living LLC | 88-0597639 | 99 | http://727loftsapartments.com/ | 3/10/2022 |
| 20 | **Muntage** | Oklahoma City, OK | Oklahoma County | 3041 NW 41st St Oklahoma City, OK 73112 | Muntage Best Living, LLC | 88-1313164 | 165 | www.muntageapartmentsokc.com | 4/8/2022 |
| 23 | **Bryan Hill** | Bethany, OK | Oklahoma County | 7204 NW 36th St, Bethany, OK 73008 | Bryan Hill's Best Living, LLC | 88-3127477 | 232 | https://www.bryanhillapartments.com/ | 8/4/2022 |
| 24 | **Springdale Village** | Oklahoma City, OK | Oklahoma County | 4330 S Barnes Ave Oklahoma City, OK 73119 | Springdale Village's Best Living, LLC | 88-3346904 | 128 | https://www.springdalevillageapartments.com/ | 8/4/2022 |
| 25 | **Summer Oaks** | Oklahoma City, OK | Oklahoma County | 5770 NW 16th St Oklahoma City, OK 73127 | Summer Oaks Best Living, LLC | 88-3236660 | 197 | https://www.summer-oaksapartments.com/ | 8/4/2022 |
| 26 | **One Eton Square** | Tulsa, OK | Tulsa County | 8111 E 60th St Tulsa, OK 74145 | One Eton Square, LLC and One Eton TIC 1, LLC | 88-3432402 and 88-3769458 | 448 | https://www.oneetonsquare.com/ | 9/21/2022 |
| 27 | **Woodland Manor** | Tulsa, OK | Tulsa County | 8641 E 61st St, Tulsa, OK 74133 | Woodland Manor's Best Living, LLC and Woodland Manor TIC 1, LLC | 88-2671446 and 88-3834314 | 305 | https://www.woodlandmanorapt.com/ | 10/18/2022 |
| 28 | **Eaton Place** | Wichita, KS | Sedgwick County | 517 E Douglas Ave, Wichita, KS 67202 | Eaton Place Best Living, LLC and Eaton Place TIC 1, LLC | 92-1099454 and 92-1343742 | 117 | www.eatonplace-apts.com/ | 12/29/2022 |
| 29 | **WoodScape Apartments** | Oklahoma City, OK | Oklahoma County | 4200 N Meridian Ave, Oklahoma City, OK 73112 | B & J WoodScape/Oklahoma City LLC | 68-0382738 | 498 | https://www.woodscapeokc.com/ | 4/21/2023 |
| 30 | **Copperfield Apartments** | Oklahoma City, OK | Oklahoma County | 2400 NW 30th St, Oklahoma City, OK 73112 | Copperfield Apartments Limited Partnership | 73-1566907 | 262 | https://www.copperfieldokc.com/ | 7/14/2023 |
| 31 | **The Capitol on 28th** | Oklahoma City, OK | Oklahoma County | 215 NE 28th St, Oklahoma City, OK 73105 | TRDwind Capitol, LLC | 83-0935471 | 231 | https://www.cap28okc.com/ | 2/15/2024 |
| 32 | **Remington Ranch** | Stillwater, OK | Payne County | 1815 N Boomer Road, Stillwater, OK 74075 | Remington Ranch's Best Living, LLC | 93-4729611 | 292 | https://remingtonranchstillwater.com/ | 4/29/2024 |
| | | | | | | | | | |
| | | | | | Total Units | | **7,492** | | |

Joyce W. Lindauer
State Bar No. 21555700
Lindauer & Vaughn
117 S. Dallas St.
Ennis, Texas 75119
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
PROPOSED ATTORNEYS FOR DEBTOR

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **LOUIS INVESTMENTS, LLC,** | § | **CASE NO. 26-33110-sgj** |
| | § | |
| **Debtor.** | § | **CHAPTER 11** |

| | | |
|---|---|---|
| **LOUIS INVESTMENTS, LLC,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **ADVERSARY PROCEEDING** |
| | § | |
| **YSA Investments 1, LLC,** | § | **CASE NO. _______________** |
| | § | |
| **Defendant.** | | |

**DECLARATION OF MARC KULICK IN SUPPORT OF EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER**

I, Marc Kulick, declare and state as follows:

1. I am the manager and 100% sole owner of Louis Investments, LLC, debtor herein (“Debtor”) or (“Louis Investments”). I am also the managing member of Vesta Realty, LLC (“Vesta Realty”). I am over twenty-one and of sound mind. The facts set forth in this declaration are based upon my own personal knowledge, except for such facts that are based on information and belief, which I believe to be true. If called as a witness, I could and would testify competently thereto.

2. Vesta Realty is the management company that runs the operations on all of the entities listed on **<u>Exhibit A</u>** hereto, which are multi-family apartment complexes, except for one that is being run by a receiver.[1] Debtor is the direct or indirect corporate manager of the majority of these properties. I oversee the operations of the Debtor, Vesta Realty, the individual property level entities, and other affiliates.

3. There is an active dispute over ownership of the individual properties with YSA Investments 1 LLC ("YSA").

4. At 9:51 a.m. Central Time, I was notified by my corporate team, who was in turn notified by the on-site Vesta Realty management team at the property commonly known as Riverpark at Kensington, located at 7803 S. Wheeling Ave., Tulsa, OK 74136 ("Riverpark Property"), that Parker Detweiler, a representatives of YSA, Jonathan Bearney, a representative of YSA, J.D. Rice, an officer from the Tulsa Police Department ("TPD"), and Greg Wright, the owner of a competing property management company named Capital Assets, were at the Riverpark Property and trying to take control of it. I immediately drove over to the Riverpark Property, arriving there at approximately 10:15 a.m.

5. When I arrived at the Riverpark Property, I observed that there were actually about fifteen representatives and agents of YSA, TPD and Capital Assets on site. I immediately approached Officer Rice, who directed me to Greg Wright. I notified them both of Debtor's pending bankruptcy. I also asked them whether they had a court order that provided for YSA to legally evict Debtor or Vesta Realty from the Riverpark Property. Regarding the bankruptcy, Officer Rice said "That's not my concern." The YSA representatives admitted that they had no court order. Instead, Officer Rice said that YSA "has a deed."

[1] The property that is being operated by a receiver is The Canopy. There are additional properties that are being operated by receivers and/or are in bankruptcy that are not the subject of this emergency motion, and are not listed on Exhibit A.

6. At first, Officer Rice said that "this is a civil matter" and that the TPD was there to "enforce the title." Officer Rice ignored my protestations that title is in dispute. Then, despite the initial position that this was a civil matter, the TPD began to ticket VR employees onsite for trespass, despite them being there for their jobs. TPD also threatened the Vesta Realty employees with arrest if they would not leave. In light of these threats, and despite the bankruptcy protection provided to the Debtor and the normal legal protections that should have been provided to Debtor and Vesta Realty, both I and the VR employees left the Riverpark Property.

7. I am informed and believe that YSA intends to use self help to try and take possession of all of the properties. As I was preparing this declaration, I learned that YSA forcibly took possession this morning of three properties that are already in bankruptcy and individually protected by the stay, by going onto the properties and changing the locks on the on-location property management offices. These three properties are:

a. 727 Lofts Best Living, LLC, USBC ND TX Case No. 26-32779-sgj11
b. Barcelona Best Living, LLC, USBC ND TX Case No. 26-33093-sgj11
c. A-V Village Creek Owner LLC, USBC ND TX Case No. 26-32922-mvl11.

8. Debtor respectfully requests a temporary restraining order to freeze YSA's efforts at taking the properties in derogation of the bankruptcy stay and to order YSA to return control of every property to Louis Investments and Vesta Realty's operational management pending further decisions by this Court.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: July 20, 2026

Marc L. Kulick

Marc Kulick

# EXHIBIT A

| | Property | Location | County | Address | Owner(s) | Tax ID Number(s) | Units | Website | Date Acquired |
|---|---|---|---|---|---|---|---|---|---|
| 1 | **Thrive Jenks** | Jenks, OK | Tulsa County | 204 S Riverfront Dr, Jenks, OK 74037 | Jenk's Best Living, LLC | 82-2976554 | 168 | www.thrive-jenks.com | 11/15/2017 |
| 2 | **Lakeside Place** | Tulsa, OK | Tulsa County | 2186 S 99th E Ave, Tulsa, OK, 74129 | Lakeside Best Living, LLC | 82-4692220 | 208 | www.lakesidebestliving.com | 4/30/2018 |
| 3 | **Shoreline** | Tulsa, OK | Tulsa County | 9601 East 21st Place, Tulsa, OK 74129 | Shoreline's Best Living, LLC | 16-1620714 | 464 | www.shorelinesbestliving.com | 6/6/2018 |
| 4 | **Lexington Commons** | Bartlesville, OK | Washington County | 5530 Colony Way, Bartlesville, OK 74006 | Bartlesville's Best Living, LLC | 83-1472249 | 206 | www.lexingtoncommonsapts.com | 10/8/2018 |
| 5 | **Seminole Ridge** | Oklahoma City, OK | Oklahoma County | 125 W Interstate 240 Service Rd, Oklahoma City, OK 73139 | Vesta - Seminole Ridge, LLC | 87-1213500 | 224 | www.seminoleridgeapartments.com | 3/2/2020 |
| 6 | **Tuscany Village** | Oklahoma City, OK | Oklahoma County | 6900 London Way Oklahoma City, OK 73132 | Tuscany Village Best Living, LLC | 85-2811301 | 318 | http://tuscanyapartmentsokc.com/ | 10/13/2020 |
| 7 | **The Canopy** | Little Rock, AR | Pulaski County | 9201 Kanis Rd, Little Rock, AR 72205 | Canopy Best Living, LLC, NAE Canopy Apartments LLC, and Northboro QN, LLC | 85-3849612 | 240 | http://www.thecanopyapartmentslittlerock.com/ | 12/14/2020 |
| 8 | **Barcelona** | Tulsa, OK | Tulsa County | 5160 S Yale Ave Tulsa, Oklahoma, 74135 | Barcelona Best Living, LLC and GAM Chestnut Properties LLC | 86-3280973 | 232 | www.barcelonatulsa.com | 5/28/2021 |
| 9 | **23 East** | Tulsa, OK | Tulsa County | 11321 E 23rd St Unit 1 Tulsa, OK 74129 | Auerbach-Vesta 23 East LLC | 87-1591974 | 236 | http://www.23easttulsa.com/ | 8/6/2021 |
| 10 | **Villas at Midtown** | Tulsa, OK | Tulsa County | 2001 E Skelly Dr Tulsa, OK 74105 | Villas at Midtown Best Living, LLC | 87-2354319 | 476 | https://www.thevillasatmidtown.com/ | 9/27/2021 |
| 11 | **Putnam Green** | Oklahoma City, OK | Oklahoma County | 7525 Knight Lake Dr Oklahoma City, OK 73132 | Auerbach-Vesta, LLC | 87-1356564 | 250 | http://www.putnamgreenokc.com/ | 9/30/2021 |
| 13 | **Riverpark at Kensington** | Tulsa, OK | Tulsa County | 7803 S Wheeling Ave Tulsa, OK 74136 | Riverpark Best Living, LLC | 87-3854186 | 400 | http://www.riverparktulsa.com/ | 12/17/2021 |
| 14 | **Drexel Flats** | Oklahoma City, OK | Oklahoma County | 8800 Drexel Ave, Oklahoma City, OK 73159 | Drexel Flats Acquisition LLC and Drexel Flats Acquisition TIC LLC | 87-2977919 | 400 | https://www.drexelflats.com/ | 12/21/2021 |
| 15 | **The Ridge** | Midwest City, OK | Oklahoma County | 3834 N Oak Grove Dr. Midwest City, OK 73110 | Ridge Best Living, LLC | 87-3666156 | 278 | https://www.theridgeokc.com/ | 12/21/2021 |
| 16 | **Lofts at North Penn** | Edmond, OK | Oklahoma County | 15501 N Pennsylvania Ave Edmond, OK 73013 | Lofts at North Penn Best Living LLC | 87-3974188 | 192 | https://www.loftsatnorthpennokc.com/ | 12/28/2021 |
| 17 | **Village Creek at 67th** | Tulsa, OK | Tulsa County | 6630 S Zunis Ave Tulsa, OK 74136 | A-V Village Creek Owner, LLC | 87-4248838 | 226 | http://villagecreektulsa.com/ | 2/1/2022 |
| 19 | **727 Lofts** | Jenks, OK | Tulsa County | 727 E Main Pl Jenks, OK 74037 | 727 Lofts Best Living LLC | 88-0597639 | 99 | http://727loftsapartments.com/ | 3/10/2022 |
| 20 | **Muntage** | Oklahoma City, OK | Oklahoma County | 3041 NW 41st St Oklahoma City, OK 73112 | Muntage Best Living, LLC | 88-1313164 | 165 | www.muntageapartmentsokc.com | 4/8/2022 |
| 23 | **Bryan Hill** | Bethany, OK | Oklahoma County | 7204 NW 36th St, Bethany, OK 73008 | Bryan Hill's Best Living, LLC | 88-3127477 | 232 | https://www.bryanhillapartments.com/ | 8/4/2022 |
| 24 | **Springdale Village** | Oklahoma City, OK | Oklahoma County | 4330 S Barnes Ave Oklahoma City, OK 73119 | Springdale Village's Best Living, LLC | 88-3346904 | 128 | https://www.springdalevillageapartments.com/ | 8/4/2022 |
| 25 | **Summer Oaks** | Oklahoma City, OK | Oklahoma County | 5770 NW 16th St Oklahoma City, OK 73127 | Summer Oaks Best Living, LLC | 88-3236660 | 197 | https://www.summer-oaksapartments.com/ | 8/4/2022 |
| 26 | **One Eton Square** | Tulsa, OK | Tulsa County | 8111 E 60th St Tulsa, OK 74145 | One Eton Square, LLC and One Eton TIC 1, LLC | 88-3432402 and 88-3769458 | 448 | https://www.oneetonsquare.com/ | 9/21/2022 |
| 27 | **Woodland Manor** | Tulsa, OK | Tulsa County | 8641 E 61st St, Tulsa, OK 74133 | Woodland Manor's Best Living, LLC and Woodland Manor TIC 1, LLC | 88-2671446 and 88-3834314 | 305 | https://www.woodlandmanorapt.com/ | 10/18/2022 |
| 28 | **Eaton Place** | Wichita, KS | Sedgwick County | 517 E Douglas Ave, Wichita, KS 67202 | Eaton Place Best Living, LLC and Eaton Place TIC 1, LLC | 92-1099454 and 92-1343742 | 117 | www.eatonplace-apts.com/ | 12/29/2022 |
| 29 | **WoodScape Apartments** | Oklahoma City, OK | Oklahoma County | 4200 N Meridian Ave, Oklahoma City, OK 73112 | B & J WoodScape/Oklahoma City LLC | 68-0382738 | 498 | https://www.woodscapeokc.com/ | 4/21/2023 |
| 30 | **Copperfield Apartments** | Oklahoma City, OK | Oklahoma County | 2400 NW 30th St, Oklahoma City, OK 73112 | Copperfield Apartments Limited Partnership | 73-1566907 | 262 | https://www.copperfieldokc.com/ | 7/14/2023 |
| 31 | **The Capitol on 28th** | Oklahoma City, OK | Oklahoma County | 215 NE 28th St, Oklahoma City, OK 73105 | TRDwind Capitol, LLC | 83-0935471 | 231 | https://www.cap28okc.com/ | 2/15/2024 |
| 32 | **Remington Ranch** | Stillwater, OK | Payne County | 1815 N Boomer Road, Stillwater, OK 74075 | Remington Ranch's Best Living, LLC | 93-4729611 | 292 | https://remingtonranchstillwater.com/ | 4/29/2024 |
| | | | | | | | | | |
| | | | | | Total Units | | **7,492** | | |